# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Moshe Banner,<br><br>    Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada and the County of Clark; NAPHCARE, medical care provider for the Clark County Detention Center; LT. GRAHAM, in his individual capacity; DEFENDANT C. DUNN P#8253 in his individual capacity; DOE LICENSED PRACTICAL NURSE; RAY MONTENGRO, NP, individually; KA TRINA SIMEON, RN, individually; DOE DEFENDANTS 1-X, individuals or officers employed at CCDC; and ROE ENTITIES 1-X, inclusive,<br><br>    Defendants. | Case No. 2:16-cv-01717-RFB-CWH<br><br>**<u>ORDER</u>** |

## I. INTRODUCTION

This case is before the Court on Defendants NaphCare, Ray Montengro, N.P., and Katrina Simeon, R.N. (collectively, "NaphCare Defendants")' Motion to Dismiss. (ECF No. 17). For the reasons stated below, the Motion to Dismiss is DENIED without prejudice.

## II. BACKGROUND

On May 18, 2016, Plaintiff Moshe Banner ("Banner") filed a Complaint in the Eighth

Judicial District Court of Clark County, alleging violations of constitutional and statutory civil rights provisions. (ECF No. 1-1). Specifically, Banner asserts ten causes of action: 1) unlawful arrest in violation of 42 U.S.C. § 1983, against Defendants Graham and Dunn; 2) unlawful imprisonment, in violation of 42 U.S.C. § 1983, against Defendants Graham, Dunn, and Does I-X; 3) due process violation for malicious prosecution, in violation of 42 U.S.C. § 1983, against Defendants Dunn and Graham; 4) deliberate indifference, in violation of 42. U.S.C. § 1983, against all Doe Defendants I-X and Defendants Doe LPN, Montenegro, and Simeon; 5) Monell claims, in violation of 42 U.S.C. § 1983, against Las Vegas Metropolitan Police Department; 6) false arrest, against Defendants Dunn and Graham; 7) intentional infliction of emotional distress, against all Defendants; 8) malicious prosecution, against Defendants Dunn and Graham; 9) false imprisonment, against Defendants Dunn, Graham, and Does I-X; and 10) negligence, against all Defendants. Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Lt. William Graham, and Sargeant Craig Dunn (collectively, "Removing Defendants") filed a Petition for Removal on July 20, 2016. (ECF No. 1). NaphCare Defendants filed the instant Motion to Dismiss on September 30, 2016. (ECF No. 17). On October 17, 2016, Banner filed a Response to the Motion to Dismiss. (ECF No. 18). NaphCare Defendants Replied on October 27, 2016. (ECF No. 20). On May 9, 2017, this Court held a hearing on the Motion to Dismiss. (ECF Nos. 29, 38).

### III. RELEVANT FACTUAL ALLEGATIONS

The following factual allegations are taken from Banner's original Complaint. (ECF No. 1-1). On or about May 19, 2014, Banner was falsely arrested, without a warrant, by Defendants Dunn and Graham for charges of burglary with use of a deadly weapon and robbery with use of a deadly weapon. The Declaration of Arrest and Arrest Report made by Defendant Dunn and authorized by Defendant Graham are entirely devoid of any details supporting probable cause. LVMPD has in place de facto policies of falsely arresting, prosecuting, and imprisoning individuals, and demonstrating deliberate indifference to the safety and medical needs of pretrial detainees with serious medical conditions. Banner was incarcerated upon arrest at Clark County Detention Center ("CCDC"). Eventually, the criminal case which Defendant Dunn filed against

Banner was voluntarily dismissed by the Clark County District Attorney on August 7, 2014.

During his incarceration, Banner was attacked by other inmates because they believed he was a "snitch." As a result of the attack, Banner suffered multiple displaced fractures of his jaw.

Following the attack, Banner sought medical care from Defendants Doe LPN, Montenegro and Simeon, who were each deliberately indifferent to Banner's medical needs by claiming that they were not dentists and they could not help him. Montenegro and Simeon denied Banner medical care, which caused him to suffer excruciating pain. Banner was eventually released from jail, and seen by Dr. Mark L. Glyman, M.D., who performed surgery upon Banner's jaw.

## IV. LEGAL STANDARDS

### a. Motion to Dismiss

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### b. Nevada Revised Statute § 41A.071

"If an action for professional negligence is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit that: 1. Supports the allegations contained in the action; 2. Is submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged professional negligence; 3. Identifies by name, or describes by conduct, each provider of health care who is alleged to be negligent; and 4. Sets forth factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise, and direct terms."

## V. ANALYSIS

NaphCare Defendants argue that, because they are "providers of health care" as defined by Nevada Revised Statute ("NRS") 41A.017, Banner's tenth cause of action is one of professional negligence.[1] The Court accepts this argument as to Banner's state law negligence claim and will construe that claim as one for professional negligence and medical malpractice, as pertains to the NaphCare Defendants. Banner essentially alleges "failure[s] of a provider of health care, in rendering services, to use the reasonable care, skill, or knowledge ordinarily used under similar circumstances by similarly trained and experienced providers of health care." NRS § 41A.015.

NaphCare Defendants further contend that Banner failed to attach the affidavit of a medical expert to his Complaint, and therefore the Court should dismiss the claim without the possibility of amendment, under the plain language of NRS 41A.071, which says the court "shall dismiss the action." Banner requests leave to amend, and argues that NRS 41A.071's requirement mandating dismissal without prejudice should be construed as procedural rather than substantive. The Court agrees with Banner, in that the portion of the statute which states that the action shall be dismissed without prejudice, and Nevada law which denies leave to amend, functions mainly as a procedural rule.

Where state law claims are brought in federal court based on diversity jurisdiction or pursuant to supplemental jurisdiction, the Court must determine whether to apply state or federal law. See, e.g., Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 534 (9th Cir. 2011). Under Hanna v. Plumer, 380 U.S. 460, 470-74 (1965), the Court first inquires whether a state law directly collides with federal law. If there is no direct collision, the Court follows Erie and applies state law on substantive issues and federal law on procedural issues. Id. If there is a direct collision, federal law applies. Id. In considering the substantive/procedural distinction, the Court is guided by "the twin aims of the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." Id. at 468.

---

[1] NaphCare Defendants also argue that they are "providers of health care" pursuant to NRS 41A.009, which is a repealed subsection. As 41A.017 sets for the definition for "provider of health care," the Court will construe the argument according to that subsection only.

1  Under Nevada law, a malpractice complaint filed without the affidavit is a legal nullity and thus may not be amended. Washoe Med. Ctr. v. Second Judicial Dist. Court, 148 P.3d 790, 795 (Nev. 2006). The Court finds, however, that the Nevada Supreme Court's procedural determination in Washoe Med. Ctr. that a complaint without an affidavit is legal nullity is a procedural and not a substantive determination to which federal courts do not have to defer. The Nevada Supreme Court recently explained that NRS 41A.071 is procedural: "[T]he NRS 41A.071 affidavit requirement is a preliminary procedural rule subject to the notice-pleading standard, and thus, it must be 'liberally construe[d] . . . in a manner that is consistent with our NRCP 12 jurisprudence.'" Zohar v. Zbiegien, 334 P.3d 402, 406 (Nev. 2014) (citation omitted). And, federal courts "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is to be granted with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). The Court therefore finds that the state and federal rules here conflict and that the propriety of amendment pursuant to Rule 15 is a procedural matter. Verizon Del., Inc. v. Covad Comm'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004). The Court thus rejects NaphCare Defendants' argument, and will apply Federal Rule of Civil Procedure 15 to allow Banner leave to amend to include the medical affidavit as to his negligence claims. As NaphCase Defendants do not challenge the other claims against them, the Court will conduct no further analysis.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## VI. CONCLUSION

For the reasons stated in this opinion,

**IT IS ORDERED** that NaphCare Defendants' Motion to Dismiss (ECF No. 17) is DENIED without prejudice.

The Court recognizes that Plaintiff Banner has filed an Amended Complaint (ECF No. 31) with an affidavit which will now be considered the operative Complaint in the case.

DATED: October 23, 2017

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**